IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01646-GPG

GERALD C. CHAVEZ,

    Plaintiff,

v.

COLORADO ATTORNEY GENERAL,
LARRY TURNER,
DAYNA MORGAN, and
TOM CLEMENTS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Gerald C. Chavez, is a Colorado Department of Corrections (CDOC) prisoner who is incarcerated currently at the Cimarron Correctional Facility in Cushing, Oklahoma. Mr. Chavez initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983, asserting that the Defendants violated his constitutional rights. Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Perez's Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be directed to file an Amended Complaint.

**I. The Complaint**

Mr. Perez alleges in the Complaint that on November 9, 2009, he was transferred from a Colorado state prison to an Oklahoma private prison after he witnessed a physical alteration between an inmate and a staff member on October 31, 2009. Mr. Perez states that the staff member assaulted the prisoner, but then the prisoner got "the upper hand" and repeatedly "boot[ed]" the staff member. (ECF No. 1, at 3). According to Plaintiff,

> the staff at the Arkansas Valley Correctional Facility "realized that [Plaintiff] had been the sole witness in the matter and staff understood they were not going to be able to tell the story or write the[ir] statement the way that they wanted to, with me being the one witness, and they sent me out of state a week later.

(*Id.*). Mr. Perez further alleges that he has been placed in administrative segregation for over five years, without being afforded a hearing or regular administrative reviews. He asserts that the Defendants' actions in unlawfully transferring him to a prison in Oklahoma; in housing him in administrative segregation indefinitely; and, in denying his requests to be returned to a Colorado prison, violated his constitutional rights. He seeks monetary relief, and an order requiring the Defendants to transfer him back to a Colorado state prison.

**II. Legal Analysis**

Mr. Perez does not have a constitutional right to be confined in a Colorado facility. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) ("[A]n interstate prison transfer, . . ., does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th

Cir. 2000) ("Montez has not identified any federal law or statute that prohibits the transfer of an inmate from one state to a private facility in another state"). Indeed, a Colorado statute specifically authorizes the executive director of the CDOC to transfer a Colorado prisoner to a prison facility in another state. *See* COLO.REV.STAT. ("C.R.S.") §§ 17-1-105(1)(f) (stating that the executive director shall have . . . "The authority to enter into contracts and agreements with other jurisdictions, including other states, . . . , for the confinement and maintenance of offenders sentenced to imprisonment by the courts of this state . . ."). Interstate Corrections Compacts have been upheld by the Supreme Court as constitutional. *See Olim*, 461 U.S. at 246-48.

Furthermore, although an inmate has a constitutional right not to be transferred in retaliation for the exercise of his constitutional rights, *see Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990), Mr. Perez does not allege facts to show that he was transferred because of his exercise of a constitutional right. Simply witnessing a physical altercation between an inmate and staff does not implicate the Constitution.

Mr. Perez's confinement in administrative segregation in a private Oklahoma prison for over five years may implicate a constitutionally protected liberty interest if he is being subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Relevant factors might include whether (1) the segregation relates to and furthers a legitimate penological interest, such as safety or rehabilitation; (2) the conditions of placement are extreme; (3) the placement increases the duration of confinement; and (4) the placement is indeterminate. *See Estate of DiMarco v. Wyoming Dep't of Corrections*, 473 F.3d 1334, 1342 (2007). The determination of whether a liberty interest exists "is a

fact-driven assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement." *Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012). Mr. Perez does not allege specific facts in the Complaint to show that his conditions of confinement in administrative segregation are atypical or impose a significant hardship on him in relation to the ordinary incidents of prison life.

Finally, the Complaint is deficient because Plaintiff does not allege specific facts to show that the Defendants, who are officials and agents of the State of Colorado, are personally responsible for Applicant's placement and continued confinement in administrative segregation at the Cimarron Correctional Facility in Oklahoma. Personal participation is an essential element in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010). A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."). Accordingly, it is

ORDERED that Plaintiff, Gerald C. Chavez, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Chavez shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff shall use the form in filing his Amended Complaint.  It is

FURTHER ORDERED that, if Mr. Chavez fails to file an Amended Complaint within the time allowed, the Court may dismiss this action, in whole or in part, without further notice for the reasons discussed above.

DATED August 27, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

United States Magistrate Judge