IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01646-GPG

GERALD C. CHAVEZ,

    Plaintiff,

v.

DAYNA MORGAN,
LARRY TURNER, and
TOM CLEMENTS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Gerald C. Chavez, is a Colorado Department of Corrections (CDOC) prisoner who is incarcerated currently at the Cimarron Correctional Facility in Cushing, Oklahoma.  Mr. Chavez initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983, asserting that the Defendants violated his constitutional rights.

    In an August 27, 2015 Order (ECF No. 7), Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Mr. Chavez does not have a constitutional right to be confined in a particular facility, and Plaintiff failed to allege specific facts to show that the Defendants are personally responsible for his placement and continued confinement in administrative segregation at the Oklahoma facility.  Consequently, Magistrate Judge Gallagher directed Mr. Chavez to file an Amended Complaint, within 30 days, to cure the deficiencies.  (*Id.*).  Mr. Chavez filed an Amended Complaint on October 20, 2015.  (ECF No. 12).

    Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. Subsection (e)(2)(B)(i) requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Amended Complaint liberally because Mr. Chavez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

## I. The Amended Complaint

Mr. Chavez alleges in the Amended Complaint that on November 9, 2009, he was transferred from a Colorado state prison to an Oklahoma private prison after he witnessed a physical altercation between an inmate and a staff member. Mr. Chavez states that the staff member assaulted the prisoner, but then the prisoner got "the upper hand" and began defending himself. (ECF No. 12 at 3). Plaintiff alleges that he was the sole witness to the incident. Mr. Chavez further alleges that he has been placed in administrative segregation for over five years, without being afforded a hearing or regular administrative reviews. He asserts that the Defendants' actions in unlawfully transferring him to a prison in Oklahoma; in housing him in administrative segregation indefinitely; and, in denying his requests to be returned to a Colorado prison, violate his constitutional rights. He further claims that the warden and other staff members at the Oklahoma prison are subjecting him to inhumane conditions of confinement. Mr. Chavez seeks monetary relief, and an order requiring the Defendants to transfer him back

to a Colorado state prison.

## II. Legal Analysis

Mr. Chavez was warned in the August 27, 2015 Order that he does not have a constitutional right to be confined in a Colorado facility. *See Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) ("[A]n interstate prison transfer, . . ., does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("Montez has not identified any federal law or statute that prohibits the transfer of an inmate from one state to a private facility in another state"). Indeed, a Colorado statute specifically authorizes the executive director of the CDOC to transfer a Colorado prisoner to a prison facility in another state. *See* COLO.REV.STAT. ("C.R.S.") §§ 17-1-105(1)(f) (stating that the executive director shall have . . . "The authority to enter into contracts and agreements with other jurisdictions, including other states, . . . , for the confinement and maintenance of offenders sentenced to imprisonment by the courts of this state . . ."). Interstate Corrections Compacts have been upheld by the Supreme Court as constitutional. *See Olim*, 461 U.S. at 246-48.

Furthermore, although an inmate has a constitutional right not to be transferred in retaliation for the exercise of his constitutional rights, *see Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990), Mr. Chavez does not allege facts to show that he was transferred because of his exercise of a constitutional right. Simply witnessing a physical altercation between an inmate and staff does not implicate the Constitution.

Mr. Chavez's confinement in administrative segregation for over five years may trigger a constitutionally protected liberty interest if he is being subjected to an atypical

and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).   Plaintiff was warned in the August 27 Order that his Complaint did not contain any specific allegations about the conditions of his confinement and was afforded an opportunity to amend.   However, the Amended Complaint does not include any additional facts to about whether the conditions of his confinement constitute an atypical or significant hardship.

In addition, Mr. Chavez fails to allege facts to demonstrate that the named Defendants, who are agents or officials of the State of Colorado, are responsible for his continued confinement in administrative segregation in the Oklahoma facility.   Mr. Chavez was warned in the August 27 Order that personal participation is an essential element in a civil rights action.   *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.   *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).   A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).   The Court finds that Mr. Chavez has failed to state an arguable claim for relief against the named Defendants under § 1983 based on his confinement in administrative segregation.

Finally, if Mr. Chavez wishes to pursue § 1983 claims challenging the conditions of his confinement at the Oklahoma prison, or his continued administrative segregation, he must file a civil rights complaint in the federal district court in Oklahoma and name the appropriate prison officials or employees as defendants.   Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 12) and this action are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Chavez files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED October 22, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court